CARLSON & MESSER LLP
David J. Kaminski (SBN 128509)
kaminskid@cmtlaw.com
Stephen A. Watkins (SBN 205175)
watkinss@cmtlaw.com
5901 W. Century Blvd., Suite 1200
Los Angeles, CA 90045
Telephone: (310) 242-2200
Facsimile: (310) 242-2222

VORYS SATER SEYMOUR and PEASE LLP
John L. Landolfi (*pro hac vice* to be filed)
jllandolfi@vorys.com
Elizabeth S. Alexander (*pro hac vice* to be filed)
ealexander@vorys.com
52 East Gay St.
Columbus, Ohio 43216-1008
Telephone:   (614) 464-6400
Facsimile:   (614) 464-6350

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE MEN'S WEARHOUSE, INC., | Case No.: 2:20-cv-00513 |
| Plaintiff, | |
| v. | **COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES** |
| VIBES MEDIA, LLC, | |
| Defendant. | **JURY DEMAND REQUESTED** |

{00128931;1}

Now comes Plaintiff The Men's Wearhouse, Inc. ("TMW"), for its Complaint for Declaratory Judgment and Damages against Defendant Vibes Media, LLC ("Vibes"), and avers and alleges as follows:

## I. JURISDICTION AND VENUE

1.      This Court has jurisdiction over the subject matter of this controversy pursuant to 28 U.S.C. § 1332(a)(1), in that this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

2.      Venue in this Court is appropriate under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to TMW's claims arose in this district.

## II. PARTIES

3.      TMW restates the foregoing paragraphs as if fully rewritten herein.

4.      TMW is a Texas corporation with its principal place of business located in Houston, Texas.

5.      Vibes is a Delaware Limited Liability Company with its principal place of business located in Chicago, Illinois.

## III. FACTS COMMON TO ALL CLAIMS

**A.      TMW and Vibes enter into a contract for Vibes to provide TMW with mobile marketing services.**

6.      On or about August 1, 2013, TMW and Vibes entered into the Vibes Catapult Agreement (the "Agreement"), under which Vibes was to provide TMW with mobile marketing and management services through Vibes' cloud-based mobile marketing software platform.  A true and accurate copy of the Agreement is attached hereto as Exhibit A.

7.      The Agreement was amended on or about September 30, 2014 (the "Amendment").  A true and accurate copy of the Amendment is attached hereto as Exhibit B.

8.     Under the Agreement, TMW paid Vibes in part to transmit text messages on behalf of TMW through Vibes' software platform to certain TMW customers who had opted in to receive up to three text messages per week from TMW.  These text messages pertained to TMW sales and promotions and would provide TMW customers with coupons for future purchases at TMW.

9.     Vibes' software platform used to facilitate the delivery of the text messages included a "text message frequency capping" feature.  Vibes claimed that its software platform automatically prevented the sending of a text message to a subscriber that would exceed the maximum established by the retailer – *e.g.*, more than three text messages per week.

10.     Unbeknownst to TMW, Vibes' text message capping feature adopted the definition of a "week" as a fixed period running from Monday through Sunday.

**B.     Vibes agreed that it would indemnify TMW if Vibes transmitted text messages in a negligent manner or in a manner that was not in compliance with federal law.**

11.     Under Section 2 of the Agreement – titled "Vibes Rights & Obligations" – Vibes represented and warranted to TMW that Vibes' mobile marketing services would comply with federal law.

12.     Specifically, Section 2 of the Agreement states that "**Vibes represents and warrants to [TMW] that it will provide the services described in this Agreement in compliance with all applicable federal, state, and local laws, regulations, orders, and decrees.**"  (Emphasis added.)

13.     Additionally, under Section 7 of the Agreement, Vibes agreed to indemnify TMW for any damages TMW incurred due to Vibes' negligence or Vibes' breach of its representations and warranties under the Agreement.

14.     Specifically, Section 7 of the Agreement states:

**Vibes agrees to indemnify and hold harmless [TMW]**, its subsidiaries and affiliates, and their respective officers, agents,

{00128931;1}

directors, managers and employees **for any liabilities, losses, damages and expenses of any nature, including reasonable attorneys' fees, relating to or arising from negligence or breach of any of Vibes' representations, warranties or agreements contained herein.**

(Emphasis added.)

15.     Therefore, Vibes agreed that it would hold TMW harmless and indemnify TMW for any liabilities, losses, damages and expenses of any nature, including reasonable attorneys' fees, relating to or arising from Vibes' negligent transmission of text messages to TMW customers.

16.     Vibes also agreed that it would hold TMW harmless and indemnify TMW for any liabilities, losses, damages and expenses of any nature, including reasonable attorneys' fees, relating to or arising from Vibes' transmission of text messages to TMW customers in a manner that was not compliant with federal law.

**C.      Vibes sent TMW customers more than three text messages during a seven-day period.**

17.     Through the text-messaging program, the TMW customers who opted in to receive text messages from TMW consented to receive up to three text messages per week.

18.     Vibes understood and acknowledged that Vibes could send TMW customers no more than three text messages per week.

19.     Vibes attempted to utilize its "text message frequency capping" feature of its software program to limit the text messages sent on behalf of TMW to no more than three text messages per week.

20.     Because Vibes software adopted the definition of a "week" as a fixed period running from Monday through Sunday, however, Vibes sent certain TMW customers more than three text messages during a seven-day period.

{00128931;1}

21.    Vibes sent more than three text messages during a seven-day period to TMW customers residing in California, including but not limited to Anthony Oliver.

**D.    TMW is sued for a violation of the Telephone Consumer Protection Act.**

22.    On February 17, 2016, plaintiff Anthony Oliver filed a class-action suit (the "Oliver Litigation") against TMW in The United States District Court of the Central District of California, alleging violation of the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227, *et seq.* (Class Action Complaint, *Oliver v. The Men's Wearhouse, Inc.*, 2:16-cv-01100 (C.D. Cal. Feb. 17, 2016).)

23.    On May 11, 2016, Mr. Oliver filed an amended class-action complaint (the "Oliver Amended Complaint").  A true and accurate copy of the amended class-action complaint is attached hereto as Exhibit C.

24.    In the Oliver Amended Complaint, Mr. Oliver acknowledged that TMW customers expressly opted in to receive up to three text messages per week from TMW.

25.    Mr. Oliver alleged that any consecutive seven-day period constitutes a "week."

26.    Mr. Oliver alleged that he, and others similarly situated, received more than three text messages from TMW during a seven-day period.

27.    Mr. Oliver alleged that any text messages beyond the first three marketing messages received in any given seven-day period were sent in violation of the TCPA.

**E.    TMW sends Vibes an indemnification notice.**

28.    On November 8, 2016, TMW sent an indemnification notice to Vibes, informing Vibes of the Oliver Litigation and notifying Vibes that should TMW be found to have violated the TCPA, Vibes would be required to indemnify and hold

TMW harmless pursuant to Sections 2 and 7 of the Agreement.  A true and accurate copy of the indemnification notice is attached hereto as Exhibit D.

29.   On November 15, 2016, Vibes responded to the indemnification notice.  Vibes maintained that its transmission of text messages did not violate the TCPA.  A true and accurate copy of Vibes' indemnification response is attached hereto as Exhibit E.

**F.     TMW files dispositive motions in an effort to dismiss the Oliver Litigation.**

30.   TMW moved to dismiss the Oliver Litigation on June 10, 2016, arguing in part that the plaintiff lacked standing to pursue a TCPA claim against TMW.

31.   On February 13, 2017, the court denied TMW's motion to dismiss, holding that the plaintiff had Article III standing to pursue a TCPA claim against TMW.

32.   On June 23, 2017, the plaintiff moved for partial summary judgment in the Oliver Litigation on the issue of liability under the TCPA.

33.   That same day, TMW also moved for summary judgment.

34.   On December 6, 2017, the court granted the plaintiff's motion for partial summary judgment and denied TMW's motion for summary judgment.  The court held that any transmission of a text message by TMW to the plaintiff in excess of three text messages during any consecutive seven-day period violated the TCPA.  A true and accurate copy of the court's order is attached hereto as Exhibit F.

**G.     TMW settles the Oliver Litigation.**

35.   Following the court's ruling on summary judgment, the parties in the Oliver Litigation agreed to mediate the matter.

36.   On February 6, 2018, TMW sent Vibes a letter requesting that Vibes participate in the mediation.  Because Vibes was obligated to indemnify TMW for

the settlement, TMW also requested that Vibes provide its settlement authority to resolve the Oliver Litigation.  A true and accurate copy of TMW's February 6, 2018 correspondence is attached hereto as Exhibit G.

37.    Vibes responded to TMW on February 21, 2018.  Vibes indicated that Vibes' counsel would participate in the mediation via telephone.  Because Vibes denied any duty to indemnify TMW, however, Vibes declined to provide TMW with settlement authority.  Nevertheless, Vibes "strongly urge[d] Men's Wearhouse to continue to involve Vibes in the *Oliver* litigation, including mediation."  A true and accurate copy of Vibes' February 21, 2018 correspondence is attached hereto as Exhibit H.

38.    The parties mediated the Oliver Litigation on March 8, 2018 before the Honorable Leo S. Papas, former Presiding Magistrate Judge of the United States District Court for the Southern District of California.  Vibes' counsel participated in the mediation via telephone.

39.    While the March 8, 2018 mediation did not culminate in a settlement, the parties continued to utilize the settlement discussions and were subsequently able to reach a settlement.  A true and accurate copy of the class-action settlement agreement is attached hereto as Exhibit I.

40.    TMW agreed to the class-action settlement in reasonable anticipation of liability during the Oliver Litigation.

41.    The class-action settlement amount was reasonable.

42.    The class-action settlement of the Oliver Litigation was approved by the court on April 4, 2019.

43.    As a result of litigating and settling the Oliver Litigation, TMW suffered losses, including but not limited to the following:

A.    TMW provided class members over $1.8 million in merchandise vouchers;

B.    TMW made $4,240 cash payments to class members;

C.      TMW made a $5,000 cash payment to the class representative;

D.      TMW paid $450,000 in class counsel fees;

E.      TMW paid settlement administration costs; and

F.      TMW incurred attorneys' fees and costs.

**H.      TMW sends Vibes a final demand for indemnification.**

44.      On August 26, 2019, TMW sent Vibes a final demand for indemnification under the Agreement (the "Final Demand").  A true and accurate copy of the Final Demand is attached hereto as Exhibit J.

45.      At the time of filing this Complaint, TMW had not received a response to the Final Demand from Vibes.

**IV.   CLAIMS FOR RELIEF**

**COUNT ONE:  DECLARATORY JUDGMENT**

46.      TMW restates the foregoing paragraphs as if fully rewritten herein.

47.      A controversy exists between TMW and Vibes regarding whether Section 7 of the Agreement requires Vibes to indemnify TMW and hold TMW harmless for all liabilities, losses, damages and expenses of any nature, including attorneys' fees, that TMW incurred as a result of the Oliver Litigation, including the settlement of the Oliver Litigation.

48.      TMW is entitled to a declaration that pursuant to Section 7 of the Agreement, Vibes is required to indemnify TMW and hold TMW harmless for all liabilities, losses, damages and expenses of any nature, including attorneys' fees, that TMW incurred as a result of the Oliver Litigation, including the settlement of the Oliver Litigation.

**COUNT TWO:  BREACH OF CONTRACT**
**BREACH OF REPRESENTATIONS AND WARRANTIES**

49.      TMW and Vibes entered into the Agreement.

{00128931;1}

50.     Under the Agreement, Vibes represented and warranted that it would provide its services under the Agreement to TMW "in compliance with all applicable federal, state, and local laws, regulations, orders, and decrees."

51.     Under the Agreement, Vibes sent marketing text messages on behalf of TMW to TMW customers.

52.     Vibes breached its representations and warranties in the Agreement by sending certain marketing text messages on behalf of TMW to TMW customers in a manner that violated the TCPA.

53.     As a direct and proximate cause of Vibes' breach of its representations and warranties, TMW suffered damages greater than $75,000.00.

## COUNT THREE:  NEGLIGENCE

54.     TMW restates the foregoing paragraphs as if fully rewritten herein.

55.     Vibes owed TMW a legal duty to exercise reasonable care in transmitting marketing text messages on TMW's behalf.

56.     Vibes knew that TMW's customers consented to receive up to three text messages from TMW per week.

57.     Vibes negligently and carelessly sent certain TMW customers more than three text messages in a seven-day period.

58.     As a direct and proximate result of Vibes' negligent conduct, TMW suffered damages greater than $75,000.00.

## COUNT FOUR:  BREACH OF CONTRACT
## INDEMNIFICATION

59.     TMW restates the foregoing paragraphs as if fully rewritten herein.

60.     TMW and Vibes entered into the Agreement.

61.     Pursuant to Section 7 of the Agreement, Vibes agreed to indemnify TMW and hold TMW harmless for any liabilities, losses, damages and expenses of any nature, including reasonable attorneys' fees, relating to or arising from

negligence or breach of any of Vibes' representations, warranties or agreements contained in the Agreement.

62.     In litigating and settling the Oliver Litigation, TMW incurred liabilities, losses, damages and expenses – including attorney's fees – relating to or arising from Vibes' negligence and/or Vibes' breach of Vibes' representations, warranties, and/or agreements under the Agreement.

63.     TMW demanded that Vibes indemnify and hold TMW harmless for the liabilities, losses, damages and expenses – including attorneys' fees – that TMW incurred as a result of the Oliver Litigation.

64.     At the date of filing this Complaint, Vibes has not indemnified TMW nor held TMW harmless for such liabilities, losses, damages and expenses.

65.     Vibes' refusal to indemnify TMW and hold TMW harmless constitutes a breach of Section 7 of the Agreement.

66.     As a direct and proximate cause of Vibes' breach of Section 7 of the Agreement, TMW suffered damages greater than $75,000.00.

## V.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff The Men's Wearhouse, Inc. seeks:

1.     As to Count One, a declaration that pursuant to the Agreement, Vibes is required to indemnify TMW and hold TMW harmless for all liabilities, losses, damages and expenses of any nature, including attorneys' fees, that TMW incurred as a result of the Oliver Litigation, including the settlement of the Oliver Litigation;

2.     Compensatory and punitive damages;

3.     Pre- and post-judgment interest;

4.     Any other declarative, injunctive or other equitable relief this Court deems just and appropriate.

{00128931;1}

10
COMPLAINT

## **JURY DEMAND**

Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted,

Dated:  January 17, 2020        By:  <u>s/David J. Kaminski</u>
                                  David J. Kaminski
                                  Stephen A. Watkins
                                  *Attorneys for Plaintiff*
                                  THE MEN'S WEARHOUSE, INC.

{00128931;1}